**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Connor Fog,<br>Plaintiff<br>-vs-<br>Sandra Jackson, et al.,<br>Defendants. | CV-24-1968-PHX-JFM<br><br>**Report & Recommendation** |

This matter is before the undersigned magistrate judge awaiting consents pursuant to 28 U.S.C. § 636(c), and exercising referral authority under § 636(b)(1)(A) as provided in Local Rule of Civil Procedure 3.7(b).  Because the appropriate resolution of this matter is dispositive, *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (remand orders outside power of magistrate judge on referral), the undersigned proceeds by way of a Report & Recommendation to Senior District Judge McNamee, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order 21-25.

**A.  DISCUSSION**

On August 6, 2024, Defendant filed *pro se* a Notice of Removal (Doc. 1) removing from the Maricopa County Manistee Justice Court an action to evict Defendant from real property for failure to pay rent.  Defendant also filed an Application to Proceed in Forma Pauperis (Doc. 2).

On August 8, 2024, the Court denied the IFP application without prejudice, and gave Plaintiff 10 days to file an amended application, or pay the filing fees, to avoid remand.  (Order 8/8/24, Doc. 5.)  On the same date, the Court gave Defendant 10 days to show cause why this matter should not be remanded to the state court for lack of subject matter jurisdiction.  (Order 8/8/24, Doc. 6.)

The deadline for Defendant to respond to those orders expired on August 19, 2024, and the filing fee has not been paid, no amended IFP application filed, and no showing of cause to avoid remand filed.

### 1. Failure to Pay Fees or File Amended IFP

"The non-payment of the filing fee is one of the defects in removal that require remand to the state court. In that circumstance, remand, rather than dismissal, is the appropriate course because, otherwise, it would penalize the plaintiff who filed the lawsuit (and who has not been found at fault in any respect) and reward the defendants." *Bank of New York Mellon in Int. to JPMorgan Chase Bank, N.A. v. Chidester*, 2024 WL 3498862, at *1 (C.D. Cal. May 7, 2024) (cleaned up).

Here, Defendant has not timely paid the filing fee or filed a renewed application to proceed in forma pauperis.  Consequently, this case should be remanded to the state court.

### 2. Lack of Subject Matter Jurisdiction

"The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).  Defendant has failed to meet that burden.

In the Notice of Removal, Defendant asserted this Court has subject matter jurisdiction based upon a purported amended pleading:

> 3.  The Complaint seeks damages from alleged "racist and discriminatory" action ascribed to the defendant related to their treatment of plaintiffs.  4. Although the complaint does not identify a statute or law under which Plaintiffs base their claim, the claim makes allegations regarding the deprivation of equal rights…6. e [sic] Complaint alleges violations of the Fair Housing Act."

(Notice of Removal, Doc. 1 at 1-2.)   Under the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The Court observed that if there had been an amended complaint filed by Plaintiff Fog, Defendant had failed to provide it. Defendant has not provided any such amended complaint.

The undersigned reviewed the only complaint attached to the Notice of Removal, and could not identify any portion of that pleading which references civil rights claims or violations or Fair Housing Act violations, or any other federal question. Plaintiff has failed to respond to the OSC to point to such allegations. The undersigned now finds the complaint is a straightforward, state landlord-tenant law eviction complaint, and on its face establishes no federal question.

The Court observed that Defendant appended to the Notice of Removal a letter to a judge dated August 6, 2024, which asserts Plaintiff "is mean unthoughtful cruel and the things he has said to me as a woman of color I will not accept." Assuming *arguendo* that this was Defendant's state court pleading, and assuming *arguendo* that it adequately asserted a violation of civil rights or federal housing laws, it would not create jurisdiction on removal.

> it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar*, 482 U.S. at 393.

Thus, the undersigned concludes that this Court lacks subject matter jurisdiction over this removed action, and that it should be remanded to state court.

**B. EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

## C.  RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** this matter be remanded to the Maricopa County Manistee Justice Court.

Dated: August 20, 2024

James F. Metcalf
United States Magistrate Judge

24-1968r RR 24 08 20 re Dismiss Fees Jurisdiction.docx