**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Connor Fog,<br><br>           Plaintiff,<br><br>v.<br><br>Sandra Jackson, et al.,<br><br>           Defendants. | No. CV-24-01968-PHX-DWL<br><br>**ORDER** |

      On July 31, 2024, Plaintiff Connor Fog ("Plaintiff") filed a complaint in Arizona state court—more specifically, in the Maricopa County Justice Court for the Manistee Precinct—against Defendant Sandra Jackson ("Defendant"). (Doc. 1 at 4.) The complaint, which is entitled "Eviction Actions," alleges that both Plaintiff and Defendant are residents of Arizona and asserts state-law claims for (1) non-payment of rent, in violation of A.R.S. § 33-1368(B); and (2) demand to vacate premises for forcible entry of detainer, pursuant to A.R.S. § 12-1172 *et seq*. (*Id.*)

      On August 6, 2024, Defendant, who is proceeding *pro se*, filed a notice of removal. (*Id.* at 1.) The notice identifies "FEDERAL QUESTION JURISDICTION" as the basis for the removal and explains: "The Complaint seeks damages from alleged 'racist and discriminatory' actions ascribed to the defendant related to their treatment of plaintiffs. Although the complaint does not identify a statute or law under which Plaintiffs base their claim, the claim makes allegations regarding the deprivation of equal rights." (*Id.*) Additionally, the notice asserts that the "Complaint alleges violations of the Fair Housing

Act, 42 U.S.C. § 3604(B) and 42 U.S.C. § 3604(C)." (*Id.* at 2.)

Upon removal, this action was assigned to Magistrate Judge Metcalf. (Doc. 3.) On August 21, 2024, Judge Metcalf issued a report and recommendation ("R&R") recommending that this action be remanded to state court for two independent reasons: (1) Defendant had not timely paid the filing fee or filed a valid application to proceed *in forma pauperis*; and (2) the removal notice failed to identify a sufficient jurisdictional basis for the removal effort, because although the notice characterized the complaint as asserting various federal claims, "[t]he undersigned reviewed the only complaint attached to the Notice of Removal, and could not identify any portion of that pleading which references civil rights claims or violations or Fair Housing Act violations, or any other federal question. . . . The undersigned now finds the complaint is a straightforward, state landlord-tenant law eviction complaint, and on its face establishes no federal question." (Doc 9 at 1-3.) The R&R further provided that "the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (*Id.* at 3-4.)

On September 3, 2024, upon the election of one of the parties, this action was reassigned to the undersigned judge. (Doc. 11.)

On September 3 and 4, 2024, Defendant filed two documents: (1) a response to an earlier order to show cause ("OSC"); and (2) a renewed application to proceed in forma pauperis. (Docs. 13, 14.)

Given this backdrop, the Court concludes for two independent reasons that this action should be remanded to Arizona state court. First, Defendant did not meaningfully object or otherwise respond to the jurisdictional analysis contained in the R&R and the 14-day deadline for objecting has now expired. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and

recommendation unless objections are filed."). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Second, putting aside the R&R, "[t]he burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). Here, the removal notice is insufficient to establish the existence of federal jurisdiction because although Plaintiff mischaracterizes the complaint as asserting various federal claims, the complaint in fact only asserts a pair of state-law claims.

Accordingly,

**IT IS ORDERED** that:

1. The R&R (Doc. 9) is **adopted**.

2. This action is **remanded** to the Maricopa County Justice Court for the Manistee Precinct.

3. Defendant's renewed application to proceed *in forma pauperis* (Doc. 14) is **denied as moot**.

Dated this 9th day of September, 2024.

Dominic W. Lanza
United States District Judge

- 3 -